IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 1:24-cr-199 |
| GOKHAN GUN, | ) |
| | ) |
| *Defendant*. | ) |

## MOTION OF THE UNITED STATES TO CERTIFY
## CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT

Absent special findings, the Speedy Trial Act requires trial to commence within seventy days of the public filing of an indictment or defendant's first appearance before a judicial officer if defendant pleads not guilty. *See* 18 U.S.C. § 3161(c)(1). As defendant made his initial appearance on August 9, 2024, was indicted on September 4, 2024, that 70-day clock would run on November 13, 2024. Because this timeframe does not reasonably allow adequate preparation for pretrial proceedings and commencement of the trial itself, the United States respectfully requests that the Court certify this case as unusual and complex and find that the ends of justice in a continuance outweigh any interest of the public or defendants in a speedy trial.

Section 3161(h)(7)(B)(ii) permits the Court to grant continuances beyond the 70-day time limit of the Speedy Trial Act when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *See also United States v. Reavis*, 48 F.3d 763, 771 (4th Cir. 1995). For a variety of reasons, this case is both unusual and complex, and it would be unreasonable to expect adequate preparation for pretrial proceedings and trial within the 70-day time

frame set forth in the Speedy Trial Act. The government respectfully requests that, rather than scheduling the matter for trial at the arraignment, the Court set a status hearing 90 days from the date of the arraignment: December 11, 2024.

The indictment alleges that the defendant unlawfully removed and retained classified documents from his place of work at a Department of Defense facility in violation of 18 U.S.C. § 1924. The defendant was arrested immediately before he left the country on a flight to Mexico on August 9, 2024. Of particular importance, a backpack was found outside of his locked front door at the time of his arrest. It contained a document marked TOP SECRET as well as his intelligence community clearance page. Additional stacks of documents bearing visible classification markings were also found inside of his dining room in the house.

Efforts to determine the classification levels of all of the documents recovered in the search of the defendant's home is ongoing. This is a time-intensive process involving a number of U.S. government agencies. In addition to the unique and complex circumstances in any case involving classified information, the government anticipates extensive pretrial proceedings, including complex discovery in this case. The government also anticipates that pretrial proceedings under the Classified Information Procedures Act, 18 U.S.C. app. 3, will be necessary, and intend to file a condensed CIPA section two motion in the very near future. The government has notified the Classified Information Security Officer about this case, and it is the government's understanding that defense counsel is in the process of renewing a previously held clearance, but does not currently have a security clearance, though they will need one for this case. Given that fact, the government would submit that that also weighs in favor of declaring this a complex case and extending the time for trial.

The government will be providing discovery materials to the defense well in advance of the requested status hearing. The government will also endeavor to reach mutually acceptable protective orders and discovery orders to propose to the Court. Scheduling a status hearing rather than a trial date will give the defense time to assess the nature of the evidence, identify potential motions, and determine how much time will be needed to prepare for trial.

Undersigned met telephonically and conferred with Mr. Gun's Counsel, Mr. David Benowitz, who indicated that he is evaluating his client's, and is interested in responding to the instant Motion.

Accordingly, the United States requests that the Court certify the case as unusual and complex and find that the ends of justice served by scheduling a trial beyond the 70-day deadline of the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. The United States further requests that the Court set a status hearing on December 11, 2024, which is ninety days from the date of the arraignment. A proposed order is submitted herewith for the convenience of the Court.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:     /s/   Anthony J. Rodregous
Anthony J. Rodregous
John T. Gibbs
Assistant United States Attorneys
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all counsel of record in this case.

                                            /s/   Anthony J. Rodregous
                                                 Anthony J. Rodregous
                                                 Assistant United States Attorney
                                                 United States Attorney's Office for the
                                                 Eastern District of Virginia
                                                 2100 Jamieson Avenue
                                                 Alexandria, Virginia 22314
                                                 703-299-3700